UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT F. CAMERON,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>BELLEVUE POLICE DEPARTMENT et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-cv-00696-LK<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on pro se Plaintiff Robert F. Cameron's request to have counsel appointed for him. Dkt. No. 17.[1] For the reasons explained below, the Court denies Mr. Cameron's request.

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). And while 28 U.S.C. § 1915(e)(1) vests the Court with discretion to "request" appointment of counsel

---

[1] For the reasons explained in its minute order, Dkt. No. 18, the Court struck Mr. Cameron's response, Dkt. No. 17, from the record but noted it would address his request for appointment of counsel, *see id.* at 20, in a separate order.

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL - 1

for litigants proceeding *in forma pauperis* in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), Mr. Cameron does not establish that such circumstances exist here.

A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se, considering the complexity of the legal issues involved. *Id.* These considerations are viewed together and neither is dispositive. *Id.* Neither consideration weighs in Mr. Cameron's favor. First, the Court cannot conclude at this early stage of the proceeding that Mr. Cameron's likelihood of success is sufficiently high so as to justify appointing him counsel now. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016). Second, this case does not appear to present the type of legally or factually complex issues that would preclude Mr. Cameron from adequately articulating his claims pro se. "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). Mr. Cameron avers that he has "worked in court administration three times," Dkt. No. 17 at 3 (capitalization removed), and asserts that he is quite familiar with the law, *see id.* at 4 ("That is the way it works under USMCA law."), *id.* at 5 ("This is the law. Any other Washington state law that is quoted is not federal NAFTA USMCA eligible work permit law." (capitalization removed)); *id.* at 8 ("I would strongly suggest that [the opposing party] and this Court look up USMCA law"); *id.* at 10 ("Washington State Law related to contracts does not supercede, overide or is supreme to the Bill of Rights, EEOC and Federal USMCA immigration law." (emphasis removed)); *id.* at 11 ("Let me give a visual for your limited Non educated brains in NAFTA understanding."); *id.* at ("Just because you are uneducated in this law does not mean it does not apply[.]"); *id.* at 12 ("I know I worked 3x under it as a NAFTA Free Trader"); *id.* at 15 ("Here is the law under which I have been

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL - 2

discriminated under quoted verbatim from the EEOC site"). While Mr. Cameron may fare better with the assistance of counsel, that is not the test. *See Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013).

And although Mr. Cameron notes that he is disabled, Dkt. No. 17 at 2, that alone is not an exceptional circumstance. *See, e.g.*, *Roberts v. Snohomish Cnty.*, No. C16-1464-TSZ-JPD, 2018 WL 828472, at *1 (W.D. Wash. Feb. 12, 2018) (appointment of counsel denied despite disability); *Bernstein v. United States Dep't of Hous. & Urb. Dev.*, No. 20-CV-02983-JSC, 2021 WL 4497872, at *6 (N.D. Cal. Aug. 16, 2021) (similar), *report and recommendation adopted*, No. 20-CV-02983-WHO, 2021 WL 4501795 (N.D. Cal. Oct. 1, 2021).

The Court is sensitive to the challenges pro se plaintiffs face in bringing their own case in federal court and notes its obligation in such cases "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation and quotation marks omitted). The Court will ensure that Mr. Cameron's claims have a fair chance, but on the current record is not willing to appoint him counsel at the public's expense.

Although the Court has considered Mr. Cameron's request for counsel, it reminds him that under Local Rule 7(b)(1), parties must not include requests for relief in response briefs. "[R]equests for affirmative relief must be made in a motion, not in the response[.]" *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018); *see also Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022) ("[I]t is procedurally improper to include a request for affirmative relief in a response brief[.]"). Mr. Cameron's request therefore violates this rule. The Court may strike or summarily deny improper requests in the future.

The Court also reminds Mr. Cameron of his duty under Local Civil Rule 1(d) to "be respectful of others" and to "avoid comment or behavior that can reasonably be interpreted as

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL - 3

manifesting prejudice or bias toward another on the basis of categories such as gender, race, ethnicity, religion, disability, age, or sexual orientation." The Court will not tolerate in future filings the type of disparaging remarks contained in Mr. Cameron's (now stricken) response to Defendants' motion to dismiss. *See, e.g.*, Dkt. No. 17 at 19. It should go without saying that the same also applies to communications with the Court or with courthouse staff.

Relatedly, Mr. Cameron should not continue to contact courthouse staff regarding the merits of this case (known as "ex parte communications"). This too is prohibited. *Clark v. Glebe*, No. C10-5203RBL, 2010 WL 3583982, at *1 (W.D. Wash. Sept. 9, 2010) (communications with the clerk "asking for legal advice" or "any other form of ex-parte communication" are inappropriate). Any communications with the Court about the merits of the case should include all parties by being posted as an appropriate submission on the docket.

Further violations of the applicable rules may result in sanctions. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); 28 U.S.C. § 1651(a); Local Civil Rule 11(c) (A "party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court . . . may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.").

For the reasons explained above, the Court DENIES Mr. Cameron's request for the appointment of counsel.

Dated this 16th day of September, 2024.

*Lauren King*
Lauren King
United States District Judge